UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZULKUF KARA (A#226-142-791),

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 1:26-cv-04873-TLN-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner is a native and citizen of Turkey who entered the United States on October 8, 2024. ECF No. 1; ECF No. 8-1 at 3. The undisputed record in this case demonstrates that Petitioner was released by a Department of Homeland Security agency at the border premised upon either an explicit or implicit finding that he was not dangerous or a flight risk. While on release, petitioner did not commit any crimes, materially complied with conditions of release, has a pending asylum application, and is not subject to a final order of removal.

Respondents now concede that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), but seek dismissal of the pending § 2241 petition on the basis that Petitioner was provided a bond hearing before an immigration judge ("IJ"). However, the documents they submit in support of

the motion completely undercut this claim. ECF No. 8-3. The undersigned recommends denying Respondents' motion to dismiss because the immigration judge's June 12, 2026 order denied Petitioner bond based on lack of jurisdiction and not based on any individualized determination of dangerousness or flight risk. See ECF No. 1-1 at 6-7 (Order of the IJ). Furthermore, in light of Petitioner's waiver of his right to appeal the IJ's bond order, exhaustion of his administrative remedies is futile and is not a proper basis upon which to dismiss his § 2241 petition.

Considering the merits of the § 2241 petition and consistent with the Court's ruling in Ashwani A. v. Andrews, No. 1:26-cv-1512-TLN-AC, 2026 WL 608022, at *1-3 (E.D. Cal. Mar. 4, 2026), the Court finds that Respondents violated § 1226(a) of the INA by failing to provide him an individualized bond hearing. Petitioner is therefore entitled to relief.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on claim two based on a violation of the Immigration and Nationality Act.[1]

2. Respondents be ordered to immediately release Petitioner Zulkuf Kara (A#226-142-791) from custody under the same conditions he was released prior to his current detention. Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents be ordered not to redetain Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents demonstrate by clear and convincing evidence that materially changed circumstances demonstrate that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

4. Any final order in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

5. Respondents' motion to dismiss (ECF No. 8) be denied.

---

[1] In the interests of judicial economy and based on the recommended relief, the undersigned does not find it necessary to address the remaining claims in the § 2241 petition.

6. The Clerk of Court be directed to:

a. Serve the **California City Immigration Detention Center** with a copy of any release Order; and,

b. Enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE